UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISA PURDY,

    Plaintiff,

vs.                                    CASE NO:

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LISA PURDY, ("Purdy"), by and through the undersigned attorney, and sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Purdy's home address in Jacksonville, Florida. See Exhibit "A" attached hereto.

4. Purdy is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Purdy was an employee of Bank of America ("BOA" or "Employer") and as such she was insured through a group disability policy issued to BOA by MetLife.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of the applicable Plan documents is in the possession of MetLife.

9. MetLife is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. MetLife denied and/or terminated Purdy's claim finding that she was not disabled under the terms of the Plan. MetLife's last denial letter is dated July 15, 2020.

11. With respect to the claims made herein, Purdy has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Purdy incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12. The Plan provided for the payment of long term disability benefits in the event Purdy became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

13. Purdy was and is disabled as defined by the Plan at all times material hereto.

14. Purdy made a claim for Plan benefits. Said claim for benefits was terminated or denied.

15. Purdy is entitled to Plan benefits.

16. MetLife has failed and refused to pay Purdy sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17. Because of the failure to pay benefits pursuant to the terms of the Plan, Purdy has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Purdy is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Purdy, prays for relief from defendant, MetLife for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date: December 20, 2020

       /s/Gregory D. Swartwood
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Telephone: (407) 339-1104
Facsimile: (407) 339-1118
E-Mail: gswartwood@nationlaw.com
Attorneys for Plaintiff